JACKSON, *ex dem.* BRUYN and OTHERS, *against* DEWITT.

D. took a deed in fee, of land, from B.; at the same time giving the latter a mortgage to secure the purchase money. D. then intermarried with M.; and then released his equity of redemption to B., and died, M. surviving. *Held,* that M., his widow, was not entitled to dower. The proceedings before a surrogate, to admeasure and set off dower, are no evidence of title in the widow. A release, or conveyance of the equity of redemption by the mortgagor to the mortgagee, extinguishes the mortgage.

EJECTMENT, tried at the *Ulster* circuit, *October*, 1823, before BETTS, C. Judge; when the following facts were admitted:

*Bruyn*, being seised in fee of a farm, on the 12*th* of *September*, 1783, conveyed it in fee to *Depuy*, in consideration of £800; and, on the same day, *Depuy* executed to *Bruyn* a mortgage for the purchase money. *Depuy*, being in possession under his purchase, married *Catharine Bevier*. On the 8*th* of *April*, 1793, the mortgage money being due, *Depuy* re-conveyed to *Bruyn*, for the moneys due on the mortgage; and continued in possession, as tenant, 2 or 3 years, under *Bruyn*. The lessor of the plaintiff, *Hixon*, derived title by several mesne conveyances from *Bruyn*, for valuable consideration, all subsequent to the re-conveyance. *Depuy* died several years since, and his widow intermarried with *Miller*. In 1817, her dower was admeasured and set off on application to the surrogate, and the admeasurement affirmed on appeal to this court. She recovered possession of her dower, by verdict, judgment and execution, in ejectment brought in this court, against *Hixon*, the lessor. (See the case, 17 *John.* 123.) *Dewitt*, at the commencement of this suit, held as her tenant.

Verdict for the plaintiff, subject to the opinion of the court.

*J. Sudam*, for the plaintiff, cited 15 *John.* 458; 4 *Mass. Rep.* 566; 1 *Cowen*, 479.

*B. F. Butler*, contra, cited 5 *Cowen*, 168 ; 2 *id.* 246, 286.

*Curia, per* Woodworth, J. The admeasurement of dower is not conclusive. When the widow brings ejectment, she must, as in other cases, make out a title. (5 *Cowen*, 168.)

In this case, the defendant holds under the widow, who in a former ejectment recovered. (17 *John.* 123.) The question now raised, was not then before the court.

If the mortgage given by *Depuy* had been foreclosed, it is conceded that the widow would not be entitled to dower ; and it is contended that the release of the equity of redemption is to be considered the same as a foreclosure. On the other hand, it is urged, that on the execution of the release, there was a merger, by uniting the equitable and legal estates in the same person, which precludes the mortgagee from setting up the mortgage as a subsisting security. (2 *Cowen*, 284.) It is undoubtedly sound, that the mortgage cannot be set up. But the question is, did the right of dower attach? The case of *Hitchcock* v. *Harrington*, (6 *John.* 290,) and *Collins* v. *Tracy*, (7 *John.* 278,) decide that the widow may recover her dower out of the land mortgaged, against the tenant deriving title by mesne conveyance from the husband of the demandant ; that the tenant cannot deny the seisin of the husband ; nor set up the mortgage as a subsisting title, when there has been no foreclosure, or entry by the mortgagee. In this cause, the plaintiff's title is not derived from the husband of the widow ; but from *Bruyn*, the mortgagee, who accepted a release of the equity of redemption. The plaintiff may, therefore, set up any matter that *Bruyn*, the mortgagee, might have set up, had Mrs. *Miller* brought an ejectment against him, to recover the land set apart for her dower. From the case of *Stow* v. *Tift*, (15 *John.* 458,) it is evident that, up to the time that *Depuy* released, his wife could have no claim of dower ; for the husband had an instantaneous seisin only. If the release operated as a discharge of the mortgage mere-

ly, the widow became entitled to dower; the husband being considered as having been seised *ab initio.* (6 *John.* 294.) But there was no actual payment of the mortgage, leaving the husband seised. There was a merger, by which, it is true, the mortgage was satisfied; but the same act annihilated the mortgagor's title. There was not a moment of time between the discharge of the mortgage, and the vesting of the title in the mortgagee. It was all done *uno flatu.* If, then, no right of dower existed, the moment previous to the merger, (and clearly there did not,) and if the release extinguished all the title the mortgagor ever had; it follows that there never was an instant of time in which the widow was entitled to dower. I am of opinion that the plaintiff is entitled to judgment.

Judgment for the plaintiff.

