Decker v. Hall.

## NEW YORK CIRCUIT.

OCTOBER 17, 1846.

Before EDMONDS, Circuit Judge.

### ANN DECKER, widow, v. JOSEPH HALL.

As against a mortgagee and his representatives, there is no right of dower in the equity of redemption.

Where a mortgageor conveys the equity of redemption absolutely to the mortgagee, in satisfaction of the mortgage, no right of dower in the wife of the grantee of the mortgageor will attach.

The operation of such a conveyance is only to convert a conditional into an absolute estate, by extinguishing the equity of redemption, and removing the condition.

EJECTMENT for dower. The cause was tried at the Richmond County Circuit, in June, 1845, and a verdict taken for the plaintiff, by consent, subject to the opinion of the court on a case.

On the 19th day of May, 1817, Frederick Merrill and wife mortgaged the premises in question, in fee, to John Johnson, for $1,250, payable on the 1st of May, 1818. Merrill and wife, by deed dated 9th April, 1818, conveyed the premises in fee to Benjamin Decker, who entered into possession under that deed. On the 22d of March, 1827, Decker alone executed a deed, in fee simple, to Johnson, in satisfaction of the mortgage and the bond given therewith, and Johnson thereupon entered into possession. By his will, proved in September, 1832, Johnson devised the premises to his son, Joseph Bedell Johnson, describing them as the premises he had purchased of Benjamin Decker. J. B. Johnson entered into

possession under that devise, and he, together with his wife, conveyed the premises in fee simple to the defendant in this suit, on the 3d of May, 1838, under which deed the defendant entered, and was in possession at the commencement of this suit. Decker died in August, 1843, leaving the plaintiff, his widow, and to whom he was married before his conveyance to Johnson.

On these facts the plaintiff rested, and the defendant moved for a nonsuit on the ground that the plaintiff had not proved such a title or right of possession as entitled her to maintain this action. The motion was denied, and defendant excepted.

The defense then offered in evidence the original bond and mortgage, from Merrill and wife to John Johnson, and proceedings taken by his executors to foreclose, by advertisement, under the statute, in the year 1844. The plaintiff's counsel objected to the evidence, on the ground that by the conveyance from Decker to Johnson, in his life-time, the mortgage had merged in the legal estate thereby conveyed to Johnson, and was extinguished. The evidence was admitted, and the plaintiff excepted.

It was admitted that Johnson, at the time of Decker's conveyance to him, was owner and holder of the mortgage; that he continued to be so until his death, and that it came to the hands of his executors.

The defendant also gave in evidence a statute foreclosure of the mortgage, on the 3d of May, 1844, by John Johnson's executors, and an affidavit of the sale of the premises, under that notice, to Nancy Westenfieldt, on the 29th of July then following, and it was admitted that the defendant had her authority and permission to occupy the premises at the time of the commencement of this suit.

*E. Sandford*, for the plaintiff: John Johnson, while holding the mortgage, received a deed from Decker, conveying the fee of the mortgaged premises. Having, by this deed, acquired a greater estate in the premises, the mortgage was extinguished. This rule at law is invariable and inflexible, although in a

Decker v. Hall.

court of equity, it depends upon intention. If the mortgage was extinguished on the principle of merger, it could no more be set up than if it had been fully paid. (*James* v. *Morey*, 2 Cow. 284; 2 Bl. Com. 177; 2 Coke R. 60, 61; 2 Cow. 300–3; *Roberts* v. *Jackson*, 1 Wend. 484; 2 Cow. 286; 2 id. 313, opinion of Ch. J. Savage.)

*L. C. Clark*, for defendant: When property is mortgaged by the husband, before marriage, or is subject to a mortgage when he acquires title, dower does not attach, as against the mortgagee and his representatives. The law of this court, and the principle recognized in the Court for the Correction of Errors, is that the mortgageor is to be deemed seized, notwithstanding the mortgage, as to all persons, except the mortgagee and his representatives. (*Hitchcock* v. *Harrington*, 6 J. R. 294; *Collins* v. *Torrey*, 7 id. 282; *Coles* v. *Coles*, 15 id. 319.)

In the case of *Van Dyne* v. *Sayre* (19 Wend. 168), the husband of the widow claiming dower had mortgaged, before coverture, and after marriage he conveyed the equity of redemption to the mortgagee; and it was there held that the widow had never been entitled to dower, except in the equity of redemption, and the conveyance of that had cut her off; and that doctrine is reaffirmed in *Cooper* v. *Whitney* (3 Hill, 102). In *Jackson* v. *Dewitt* (6 Cow. 316), where the husband mortgaged for the purchase-money, and afterward conveyed the equity of redemption to the mortgagee, the court held that the widow had no claim to dower. Also, 4 Kent's Com. 45. A transitory seizin for an instant does not entitle a widow to dower. The same doctrine applies where the husband receives the fee and immediately mortgages back to secure the purchase-money. He is not deemed seized, but for an instant, and dower does not attach. (4 Kent's Com. 38; *Stowe* v. *Tifft*, 15 J. R. 458.)

*The Circuit Judge:* If the mortgage had been foreclosed, and Johnson had obtained his title under the sale on that

foreclosure, it is clear that the plaintiff could not recover; but it is contended that the same act which divested the husband of all title, rendered his wife's right to dower perfect; in other words, the husband's inability to pay the mortgage debt being established, if he voluntarily surrendered the mortgaged premises, in satisfaction of the mortgage, his wife could be endowed, but if he forced the creditor into a foreclosure and sale, she could not. This distinction is so repugnant to good sense and justice, that it cannot be sanctioned unless some inflexible rule of law demands it. For that purpose I am referred to the doctrine of merger.

It is true that in *James* v. *Morey* (2 Cow. 284), all the judges, and afterward, in *Roberts* v. *Jackson* (1 Wend. 484), lay down the rule as applicable to an union in one person of the estate of the mortgageor and mortgagee, that wherever a greater estate, and a less, coincide and meet in one and the same person, without any intermediate estate, the less is immediately annihilated or merged, that is, sunk or drowned in the greater; and that rule, literally construed and carried out to its extreme, might, as is contended in this case, give the wife an estate in the premises, discharged of the mortgage, which the husband never had.

But it is not for the purpose of working such effects that the doctrine of merger is admitted into the law. In equity, the doctrine is never allowed to prevail against the clearly expressed intention of the mortgagee; and even at law, where some of the judges say the rule is inflexible and invariable, it has, in the very case under consideration, been held to operate only so far as to convert a conditional into an absolute estate; as merely extinguishing the equity of redemption, and removing the condition. Per STORY, J. (*Dexter* v. *Harris*, 2 Mason, 531.)

If this is so, then Johnson became seized of the premises, by virtue of the conveyance from Merrill, long prior to the plaintiff's husband having any interest in them, and she can not be endowed.

Such has been held to be the rule where the wife of the

mortgageor was the demandant in dower, and yet the doctrine of merger, as asserted in this case, would operate equally to enable her to be endowed. (*Jackson* v. *Dewitt*, 6 Cow. 316; 4 Kent's Com. 45; *Cooper* v. *Whitney*, 3 Hill, 102; *Coles* v. *Coles*, 15 J. R. 319.)

I regard the case of *Van Dyne* v. *Sayre* (19 Wend. 170), as decisive of this case. According to the principles of that case, the conveyance to Johnson had the effect not to enlarge the estate, but to extinguish a right. It was not the drowning of a lesser in a greater estate, for the estate was already a fee simple, but it was the extinguishment of a condition or equity. (*Vide* 2 Mason, 539; *Carll* v. *Buttman*, 7 Greenl. 102; *Spencer* v. *Hanford's Executors*, 4 Wend. 381.)

The result is that the mortgageor released all his right in the equity of redemption, and the mortgagee entered under an absolute instead of a qualified title. Can this be called a merger? Of what? Of the legal estate? Who ever heard of a legal estate being merged in an equitable? The legal estate is always too strong for that. None will say that both estates are merged. It would be still more extraordinary that one holding in himself all legal, and all equitable right, should be upset by the very perfection of his title. That case continues: All the adjudged cases concede that as against the mortgagee there can be no dower in the equity of redemption. What is the estate of the husband at law, as against the mortgagee, even while in actual possession, under the equity of redemption? At most he is a tenant at will, and after he shall have parted with that right, by assigning his equity, it sounds most extravagant to say that such an act shall add to his estate — as it must if the wife is to be endowed.

The defendant is entitled to judgment.