## THOMPSON v. BOYD.

1. A widow is entitled to dower in lands wherein her husband during cov erture was seized of an equity of redemption, as against every one except the mortgagee or his assigns.

2. A mortgagor is at law deemed seized of the lands against all the world except the mortgagee or his assigns; and no one claiming under mort- gagor can deny his seizin.

3. The widow of one who was seized of equity of redemption only, not entitled to dower as against mortgagee or his assignee, although mortgagee has purchased the equity of redemption: he shall be deemed as holding by his first title, the mortgage, which is the *legal title*.

4. In this case the land was sold at auction for the purpose, expressed in the conditions of sale, of paying off the mortgage, the title to be given free from incumbrances; the assignee of the mortgage bought at the auction sale, deducted the amount due on the bond from the amount of his bid, paid the balance, released the bond, but insisted on retaining the mortgage as a muniment of title to protect him against dower claim. *Held*, (White- head J. dissenting) that he had a right to retain the mortgage for that purpose—that the mortgage was not satisfied or extinguished—that he held his title *by virtue* of that mortgage, and that widow was not entitled to dower.

---

In dower. This cause came up on a case certified from the Warren county Circuit Court.

The material facts presented on the trial of this cause are these —The demandant claimed dower in a farm of 225 acres situate in the county of Warren, and the defendant pleaded that her husband was never seized of the premises during the coverture. James Thompson the father of the demandant's husband was the owner of the lands, and on the 17th of February 1817 mortgaged them to one Thomas Shields to secure the payment of $3217. By his will dated in 1823, he devised all his real estate to his two sons, Robert, the husband of the demandant, and William, to be equally divided between them, or in such proportion as they should pay off the said mortgage, the payment of which was made the condition upon which said devise was to take effect. He died in 1825, leaving this mortgage unsatisfied. William first entered upon the premises after his father's death, but paid no part of the mortgage, and on the 9th of November 1826 by deed released all his right therein to his brother Robert, who then entered and took possession and made considerable payments by way of interest on said mortgage. Robert by his will dated 26th of December 1830, appointed John M. Young and Andrew Shiner his executors, and empowered them to sell certain other parts of his real estate for the payment of his debts, but not the lands in question. He died in January 1831, leaving the said mortgage still outstanding and unpaid. By an Act of the Legislature, passed the 13th of March 1832, his executors were authorized to sell and convey by deed in fee simple, the "lands so devised by the said James Thompson, to the said Robert and William," and it was thereby declared that their deed should vest in the purchaser as perfect an estate in fee simple as the said Robert was seized or possessed of at his death. And the proceeds of such sale were by said act directed to be applied first to the extinguishment of said mortgage, and the residue to the payment of the debts of the said Robert. By virtue of this act the said mortgaged premises were sold by said executors under the condition to clear them of incumbrances, and the defendant to whom had been assigned the bond and mortgage, became the purchaser, for the sum of $3271.24. Upon consummating this sale by a conveyance, the defendant by instrument under seal, released the executors of Robert from all claim and de-

mand arising upon said bond and mortgage, acknowledging that he had received the sum of $3150.09, the amount then due thereon, and paid to them $120.16 the balance of the purchase money in cash. And in the same instrument he declared that with the assent of the said executors he held the said mortgage as a muniment of his title to the lands so purchased.

On the trial the defendant produced and gave in evidence the said bond and mortgage in defence against the demandants claim.

The jury rendered the following verdict:

"That the said Robert Thompson dec. the husband of the demandant died on the 4th of January 1831 seized in fee of the said lands and premises, that the said James Boyd became tenant of the freehold in the said premises on the 23d day of June 1832, that the said premises are of the clear yearly value in all issues beyond reprises, of one hundred and forty dollars, and that the said demandant has sustained damages by reason of the detention of the said dower, above the value aforesaid, and also over and above her costs and charges, to six cents."

This cause was argued at January Term 1847, before NEVIUS, WHITEHEAD and RANDOLPH, J. J.

Whelpley for demandant. The husband of demandant was in possession up to the time of his decease, and the defendant claims under his executors and cannot deny his seizin.

The sale was to pay off the mortgage and other debts, and the mortgage debt was paid off, and this extinguishes the mortgage.

This case differs from *Woodhull* v. *Reid* in this, *there* the mortgagee purchased in the equity of redemption *subject to* his mortgage; *here* the property was sold to the assignee of the mortgagee for a full price *clear of* the mortgage.

Cases cited, *Montgomery* v. *Bruere*, 1 *South*. 260, and 2 *do*. 850; *Hitchcock* v. *Harrington*, 6 *John. R.* 290; *Collins* v. *Toney*; 7 *do*. 279; *Woodhull* v. *Reid*, 1 *Har. R.* 128; 4 *Kent Com.* 44 *and* 45.

A. Wurts, contra. Demandant's husband never was seized

of the premises except as in equity of redemption ; and if it is subject to dower at all it can only be in the overplus of $121.

The case is res judicata by *Woodhull* v. *Reid ;* see also *Hartshorne* v. *Hartshorne,* 1 *Green Ch. R.* 349 ; and *Hinchman* v. *Adm's. of Emans, Saxton R.* 100.

NEVIUS, J. Upon the foregoing statement of facts, the question is distinctly presented whether the demandant can lawfully claim or recover dower in the lands so mortgaged. Upon the authority of the case of *Montgomery* v. *Bruere,* 1 *South.* 260 ; 2 *do.* 865, decided in the Court of Errors and Appeals, it is contended that she can. It is difficult to ascertain the ground upon which that case was decided, as no written opinions were at that time furnished by the Court ; but it has always been understood that the opinion delivered by Justice Southard in that case when before the Supreme Court, prevailed upon the writ of error. If so, this principle is established, "that a widow is dowable of an equity of redemption in lands mortgaged by the husband before coverture." The learned Judge closes his opinion in that case by the remark, that "the widow is entitled to dower in the lands mortgaged by her husband before marriage ; that she must take as the heir or purchaser take, subject to the mortgage debt." I have no disposition to controvert this doctrine, nor is it necessary to do so to arrive at a conclusion adverse to the demandant's claim in the case before us.

The defendant being the owner of the mortgage executed and recorded long before the demandant's husband had acquired any right to the mortgaged premises, might at any time have foreclosed it, and by decree have barred this widow from all right in the equity of redemption, except as to the surplus after payment of the mortgage. 1 *Green C. R.* 349. But he was not bound to do so, and did not attempt to foreclose. After the death of Robert Thompson it appears to have been a question whether the Orphan's Court had the power to order his executors to sell these lands, to obviate which the Legislature passed an act authorizing them to sell, not the lands of which he was seised at the time of his death, but the lands "so as aforesaid

devised by James Thompson. This act in its preamble expresses the doubt as to the authority of the Orphans' Court. This doubt, I apprehend, could only arise upon the construction of this will of James Thompson, and whether this devise vested in Robert and William any estate at all, even in the equity of redemption to the lands. The act in its preamble declares that the devise was upon condition that the devisees should pay off the mortgage. Here, then, we have a legislative construction of this devise, and as the condition was never complied with, it will follow that Robert was never seised even of the equity of redemption, and consequently his widow cannot be endowed in these lands.

But suppose the Legislature were wrong in their construction of this will, I am still of opinion that the demandant is not entitled to recover. The sale made by the executors by virtue of the act, did not so far annul and extinguish the mortgage as to let her in to demand dower in the whole premises. The sale was intended to satisfy and extinguish the *debt* due on the mortgage, the conditions of the sale as testified to by the executor were that the property should be cleared of incumbrance, the defendant purchased under those conditions, and on the settlement when he took his title, he acknowledged satisfaction of his debt, and released the executors from the amount due, but with their consent and by agreement between them, retained the mortgage not as security for money due, but as a muniment of his title. This he had a right to do. It was all that he could do to protect himself from the very claim now set up against him—it was consistent with the understanding of all the parties. He was unwilling to rely upon the deed of the executors for his sole title, but retained his mortgage title, and on the trial produced it in his defence, as I think he had a perfect right to do. This case comes clearly within the principle established in *Woodhull* v. *Reid*, 1 *Har.* 128. There the purchaser of the equity of redemption took an assignment of a mortgage made before the demandant's husband acquired a title to the equity of redemption, and it was contended that by such assignment the mortgage title was merged in the legal title so acquired, and was thereby extinguished, and that the demandant's right of

dower thereupon attached to the land. But the Court said, " It is true the mortgagee by purchasing in, and taking to himself a conveyance of the equity of redemption, has put an end to his mortgage as such. It has ceased to be a security for a debt, but it is not paid off, cancelled, or destroyed ; it has not become a nullity ; on the contrary it has acquired more permanency and force. The equity of redemption being separated from it and extinguished, it is converted into a legal title." So in this case ; the defendant, if he purchased anything, purchased the equity of redemption, in whomsoever it existed. He did not purchase his own mortgage title—that was already in him, and by agreement he retained it, and now holds it uncancelled. The case of *Hitchcock* v. *Harrington*, 6 *J. R.* 190, cited by demandant's counsel, is not like the one before us. There the defendants had wholly discharged the mortgage and did not pretend to hold under it, but relied entirely on the title derived from the heir of the husband. And the court say, if the tenant had been the mortgagee, or derived his title under the mortgage, the case would present a very distinct subject for consideration.

Upon the whole view of the case, I think not only that the law, but the whole equity of the case is with the defendant, and that the demandant ought not to recover, but that judgment ought to be entered for the defendant.

RANDOLPH, J.   That a widow is entitled to dower in lands of which her husband was only seized of the equity of redemption, has been considered settled, as a general position, in this State, since the decision of the Court of Errors in *Montgomery* v. *Bruere*, 2 *South.* 850. This case also decides that a defendant in a claim of dower cannot set up an unsatisfied mortgage outstanding in the hands of a third person, for the purpose of defeating the claim. There was also some evidence of an assignment of the mortgage to protect the estate from dower, but neither the fact of the assignment, or the effect given to it, seems to be as clear or as well settled as the other points in the case. See the original case in 1 *South.* 260, and the remarks of *Ch. J. Hornblower* in *Woodhull* v. *Reid*, 1 *Har.* 128.

The mortgagor and others claiming under him, are considered

both in law and equity as seised and absolute owners of the premises against all others except the mortgagee and those claiming under him, and in equity against them also, except for the amount due and actually received by the mortgagee. 4 *Kent* 44; 1 *Harr.* 131–2; 1 *John. C. R.* 45; 5 *do.* 482; *Hartshorne* v. *Hartshorne,* 1 *Gr. Ch. R.* 349.

If the defendant in dower claims under the mortgagor, whether as heir or devisee, or by deed,.or through a judgment on the bond, and execution and sale thereon, he admits the seisin of the demandant's husband, it being the same, or of the same nature as his own, and of course he cannot deny a widow's claim to dower for want of seisin in her husband, for if that be sufficient to support the defendant's title, it must be for the demandant's claim. *Hitchcock* v. *Harrington,* 6 *Johns. R.* 296; *Collins* v. *Torrey,* 7 *do.* 77; *Bolton* v. *Ballard,* 13 *Mass.* 227; *Harrison* v. *Eldridge,* 2 *Halst.* 392; *Barker* v. *Parker,* 17 *Mass.* 564. And for this purpose it is of no consequence whether the wife executed the mortgage according to the statute, or whether it was executed by the husband alone, or by him or his grantor prior to the marriage. 5 *John. Ch. R.* 482; *Jackson* v. *Dewitt,* 6 *Cowen,* 316; *Montgomery* v. *Bruere,* 1 *South.* 260.

When the mortgagee or his representatives or assigns enter into the premises by virtue of a foreclosure, or after forfeiture for non-payment of money, then the estate is deemed never to have vested in the husband, but to have been seised by the mortgagee from the execution of the mortgage, and the widow is not entitled to dower, the possession and title being under the mortgage as a title-deed. See opinion of *Savage Ch. J.* in *Coates* v. *Cheever,* 1 *Cow.* 479.

These two classes of cases, arising either when the defendant in dower sets up a distinct claim under the mortgagor or under the mortgagee may be readily determined; but there is a third class not so easy of solution, and that is, when the rights of both mortgagor and mortgagee coalesce in the same person. When the mortgagor, or person claiming title under him, pays off the mortgage, it operates as a discharge thereof, and the widow of the mortgagor or person holding under him, will be entitled to dower. So held in *Hitchcock* v. *Harrington,* and in

*Collins* v. *Torrey.* In this last case the payment was by the defendant's grantor, or rather by his administratrix to save a warrantee. In both cases the mortgage was held to be extinguished, and the defendant's seisin to be the same as that of the demandant's husband. In *Jackson* v. *Dewitt*, 6 *Cow.* 316, and in *Van Dyn* v. *Thayre*, 19 *Wend.* 167, the court held that where the mortgage was given before marriage, and afterwards the equity of redemption was released, or reconveyed to the mortgagee or his heirs, that the wife of the mortgagor was not entitled to dower. In *Coates* v. *Cheever*, the demandant's husband mortgaged the premises to one H., from whom he had purchased, and afterwards sold them to the defendant, who being in possession under the deed, took an assignment of the mortgage, and it was held that demandant was entitled to dower on the ground that defendant's entry was under the mortgagor, and not under the mortgagee by virtue of a foreclosure, or for condition broken. In Massachusetts, the claim for dower in an equity of redemption does not appear to have been as favorably considered as in some of the other states. Thus in *Popham* v. *Bustard*, 8 *Mass.* 481, demandant's husband purchased, mortgaged, she joining therein, and died, the husband's administrator sold under a rule of court to the defendant, who entered, paid off the mortgage, and had it cancelled on record, it was held that the widow was not entitled to dower ; the same doctrine was sanctioned in *Gibson* v. *Crehore*, 5 *Pick.* 146, except that in this case the purchaser took an assignment of the mortgage, and in the opinion of *Cowen J.* in *Van Dyn* v. *Thayre*, his leaning is very obviously to the Massachusetts cases, and adverse to some of those in his own court. We come now to *Woodhull* v. *Reid*, where the mortgagee purchased in the equity of redemption, at the sale of an assignee, for the benefit of creditors of the demandant's husband, who had previously purchased the premises of the mortgagor. Subject to the mortgage, the purchaser at the assignee's sale conveys the premises to the defendant, and it was held by the whole court that demandant was not entitled to dower—upon the same principles as refused in *Van Dyn* v. *Thayre*, and *Jackson* v. *Dewitt*. In the case now under consideration, demandant's husband died seized of the premises subject to a mortgage

given by his father under whom he claimed. The premises were sold at vendue by the executors of the son under a condition of sale to be clear of incumbrance, and brought more than sufficient to pay off the mortgage, the defendant becoming the purchaser, he having sometime previously become the assignee of the bond and mortgage, but not the possessor of the premises till after the sale by the executors. I am unable to distinguish this case from that of *Woodhull* v. *Reid:* that was the purchase of the equity of redemption by him who held the mortgage after it had become forfeited for non-payment ; this is the same, except the mortgage was held by an assignee of the mortgagee, and the conditions of vendue stated that the property was sold clear of incumbrance, and the defendant bid for the same enough to pay off the mortgage, and one hundred and twenty-one dollars over ; whereas in the other case the property was sold subject to the mortgage, and bought in by the mortgagee for twenty-one dollars. Both sales in effect paid off the amount due on the mortgages respectively, and both conveyed to the purchaser the equity of redemption, being the title of the husband's of the demandant's ; for the executors could only convey the estate of their testator, and I do not conceive that the private act of the Legislature on the sale under it, clear of incumbrances, can make any essential difference. That only authorizes the sale and conveyance of " as good and perfect an estate " as demandant's husband " was seised and possessed of, at and immediately before his decease." The authority given them to appropriate the proceeds arising from the sale to pay off the mortgage, cannot affect the title of the mortgagee, or of their claiming under him. Had the executors sold and conveyed the equity of redemption to any other than he who held the mortgage, the seisin of the purchaser would have been simply that of demandant's husband, and of course dower could not be defeated by the mortgage, whether it was out-standing, paid off, or transferred to the purchaser, but as the sale and conveyance was to the person who held the mortgage, his legal estate under it became perfect, and extinguished the husband's seisin and the demandant's dower ; for although a court of law may discharge a bond, or cause satisfaction to be entered on the judgment thereon, yet

the mortgage might be detained as a title or muniment thereof, which might be important beyond the question of dower, and so long as he retained and held under the mortgage, his seisin was paramount to demandant's claim. Whether a court of equity would grant relief to the demandant under the special circumstances of the case it is not necessary to say, but I do not see any way for us, sitting as a court of law, to do so. And, indeed, had she filed her bill in equity to redeem, or for dower, or had defendant filed his to foreclose the amount of the mortgage, must first have been taken out of the value of the premises, and the demandant could only have received dower in the whole and subject to the mortgage; that is, in the overplus arising from the sale. *Tabell* v. *Tabell*, 1 *J. Ch. R.* 45; *Swaine* v. *Perrine*, 5 *do.* 482; *Titus* v. *Neilson, do.* 452.

One general rule, plain and practical I think, may be deduced from the cases on this subject. When the mortgage has been paid off by the mortgagor, or his representative, or other person holding under him the equity of redemption, without sale or conveyance of the same to the person holding the mortgage, such payment will operate as an extinguishment of the debt and mortgage, and render what was before a mere equitable estate, a perfect legal one, and subject to dower, whether the mortgage is assigned over or not, in the same way as if no mortgage had existed, or it was outstanding in the hands of a third person. But when the mortgagee or person holding under him, after forfeiture, acquires the equity of redemption by purchase, release, or otherwise, the equity of redemption is extinguished or merged, and the estate is held under the mortgage as a title-deed, and is not subject to dower—the judgment at law, in my opinion, should be rendered for the defendant.

WHITEHEAD, J. It was not denied by the counsel upon the argument, that since the decision of the Court of Errors in *Montgomery* v. *Bruere*, a widow is dowable of an equity of redemption. Nor was it questioned that the defendant, deriving his title from, and holding under the deed from the executors of the husband, is estopped from denying the seisin of the husband. But the mortgage having been assigned to the defendant prior to

the sale, and not having been surrendered or cancelled of record, it was insisted that it was an unsatisfied outstanding incumbrance upon the premises, and a bar to a recovery of dower by the widow. The demandant's counsel on the contrary, contends that the mortgage was paid off and satisfied by the sale, and cannot avail as a defence in this action. And whether the mortgage was paid and satisfied is the only question in the cause.

It is apparent from the evidence, that the defendant procured the assignment of the mortgage to him with a view to the purchase he afterwards made; and that he holds the premises, not under the mortgage, but under the deed. Although the assignment of it to him was made prior to the sale, yet it was more than a month after the passage of the law authorizing the executor to sell. If he did not know of the law at the time he procured the assignment, he had full notice on the day of sale, and afterwards accepted a deed reciting at large its provisions. Now what was the object, or for what purpose were the executors authorized to sell this real estate? It was for the purpose of raising money to pay this identical mortgage. The language of the act is, "*that the executors and the survivor of them shall appropriate and apply so much of the proceeds of said sale or sales as shall be necessary for that purpose, to extinguish and satisfy the mortgage.*" They had no authority by the law to sell the mere equity of redemption, or to sell subject to the mortgage. The object of the law was the extinguishment and satisfaction of the mortgage. The conditions of sale looked to the same object, for the executor testifies that one of the conditions was, that the executors would clear the property of incumbrance. Such, also, must have been the understanding of the defendant at the time of the sale, as is shown from the amount he bid for the property, and the manner of payment. Had he purchased the mere equity of redemption, he would not have claimed the amount of the mortgage to be allowed him in the settlement of the purchase money. The executors so understood it, for in the settlement of their accounts in the Orphans' Court, they charged themselves with the amount of the sale, and claimed an allowance for the amount paid in satisfaction of the mortgage.

That this was the intention of the Legislature, and of the in-

dividuals interested in procuring the passage of the law is further apparent from the character of the devise by James Thompson to his two sons William and Robert. It was conditional. The payment of the mortgage was made a condition upon which the devise was to take effect. Although Robert Thompson in his lifetime made payments on account of the mortgage, he died leaving a large amount due thereon. A question might be made whether, as the devise was conditional, and the condition not performed, any estate vested. I suppose from the course of the argument that it was to remove this difficulty and to provide for the payment of the mortgage after Robert Thompson's death, that the law was passed. The object of the law was to perfect Robert Thompson's title to the premises; and in order to that, it was deemed necessary to provide that the payment of the mortgage after his death, should have the same effect as if made in his lifetime.

The consent of the executors to leave the mortgage in the hands of the purchaser does not in my opinion affect the case. Suppose the premises had been purchased by some other person than the holder of the mortgage and the proceeds applied according to the directions of the act as was done in this case, the widow's right would have been unquestioned. Nor would her right have been affected by the fact that the seals were left upon the mortgage, or that it was not cancelled of record. It would have been extinguished, and no permission of the executors after the sale, that the purchaser should take an assignment of and hold the mortgage as a muniment of his title would give to it new life. Such an arrangement would have been a fraud upon the widow. It appears to me the consent of the executors, or their agreement with the purchaser in this case is equally a fraud.

In my opinion the mortgage was paid and satisfied, and cannot avail as a defence in this action, and that the demandant is entitled to a judgment upon the verdict.

*Ordered,* That it be certified to the Warren County Circuit Court that it is the opinion of this Court that judgment be rendered for the defendant.

AFFIRMED, 2 *Zab.* 543. CITED *in Duncan* v. *Smith,* 2 *Vr.* 329; *Wade* v. *Miller,* 3 *Vr.* 303; *Mulford* v. *Peterson,* 6 *Vr.* 131; *Chiswell* v. *Morris,* 1 *McCart.* 103; *Eldridge* v. *Eldridge,* 1 *McCart.* 198.