NEW-YORK PRACTICE REPORTS. 365

Williams agt. The Insurance Co. of North America.

----

## NEW-YORK COMMON PLEAS.

WILLIAMS *agt.* THE INSURANCE CO. OF NORTH AMERICA.

Since the passage of the act relating to wagers, &c., (1 *R. S.* 662, §§ 8, 9, 10,) it is necessary that the plaintiff, in declaring upon a policy of insurance which on its face does not import any interest in him in the subject of the insurance, should aver that the assured had an interest to be protected thereby, in such a sense that the insurance operated as a security or indemnity to protect him from loss by the perils insured against.

WRIGHT AND MERRIHEW, *Attorneys.*
WRIGHT, *of Counsel for Plaintiff.*
D. D. LORD, *Attorney.*
D. LORD, *of Counsel for Defendants.*

*Special Term, June,* 1854.—Demurrer to complaint.

WOODRUFF, J.—This is an action to recover for insurance effected by the plaintiff with the defendants, "for account of whom it may concern—loss, if any, payable to him," to the amount of five thousand dollars, upon freight valued at the sum insured, carried or not carried, for twelve calendar months, on board the propeller General Warren; and the policy provides that the *policy* shall be *proof of interest,* and " in case of loss, such loss to be paid in thirty days after the proof of loss and proof of interest, and adjustment exhibited to the insurers."

The complaint sets out these facts, stating the policy in *haec verba,* and then contains averments of a total loss. That the plaintiff has performed all conditions and agreements on his part to be performed, &c., and that " he furnished the defend-

ants with due proofs of the loss aforesaid and of interest;" that, by means of the premises, the defendants became indebted to the plaintiff in the sum of $5,000—non-payment—wherefore, &c.

The defendants demur to the complaint on the ground that the plaintiff has not stated facts sufficient to constitute a cause of action ; and, especially, that it is not averred that the plaintiff had any interest in the vessel or her freight; and no interest being averred, the policy is not an insurance for the security or indemnity of the party insured, but is a wager, bet, or stake made to depend upon a chance, casualty, or uncertain event, and is therefore illegal and void.

Another specification was made in the demurrer, for that it is not averred that the vessel had any cargo on board or engaged, or any freight engaged ; but the demurrer was not urged by counsel on the argument upon the ground contained in this specification.

It was not claimed by the counsel for the plaintiff that an action on a policy of insurance is within that provision of our Code of Procedure which authorizes a plaintiff, in an action founded on an instrument for the payment of money only, to declare, by simply giving a copy of the instrument, and stating that there is due to him thereon from the defendant a specified sum, which he claims.

The plaintiff's counsel, in support of the complaint, insists that no averment of interest in the plaintiff is necessary; and, second, that the averment in the complaint, that the plaintiff "furnished the defendants with due proofs of loss and of interest," is a sufficient averment of *interest in the plaintiff*, if such averment be necessary.

*First.* Is it necessary, in declaring upon a policy of insurance, (since our statute relating to wagers, &c.,) that the plaintiff should aver an interest in the subject of the insurance?

By our statute entitled " Of Betting and Gaming," (1 *Rev. Stat.*, 662,) it is enacted in § 8 that " all wagers, bets, or stakes made to depend upon any . . . . lot, chance, or casualty, or unknown or contingent event whatever, shall be unlawful;" and all such contracts are declared void. And in § 10, that "the two last sections shall not be extended so as to prohibit

or in any way affect any insurances made in good faith for the security or indemnity of the party insured, and which are not otherwise prohibited by law."

It is not denied that a contract of insurance made for the benefit of one who hath no interest in the subject of the insurance is a wager. It has been so regarded by the courts since about the beginning of the last century, when, it is said, policies of insurance, "*interest or no interest*," were introduced in England.

Indeed, it being the object of insurance, in its original and proper use, to indemnify the assured against a real loss, it was a perv .rsion of the contract to apply it to cases in which there was no real loss against which indemnity was sought; and had the courts continued to regard the undertaking of the insurer as a *contract* to *indemnify* merely, no recovery could ever have been had by an insured party who had no interest in the subject. Viewing the contract in this light, the court of common pleas in England, as late as 1720, (*Depaba* agt. *Ludlow, Com. R.* 360,) construed the terms "interest or no interest" to import merely that "the plaintiff has *no occasion to prove* his interest, and that the defendant cannot controvert that."

Regarding, then, a policy as a contract of indemnity, there could be no recovery by an assured having no interest, because he could not be damnified. But it being held that a wager was a valid contract, such policies were sustained *as wagers*, *and only as wagers*, in which aspect, although upheld by courts of law, the courts of equity refused to sustain or enforce them.

Our legislature regarded such contracts as wagers. This may be assumed, not only because for more than one hundred years in England and in this country they had been so regarded, but because the legislature, when passing the act declaring all wagers void, deemed it necessary to provide that an insurance made in good faith for the security or indemnity of the party insured, should not be thereby prohibited.

It may be added without much refinement upon the definition in the statute, that every insurance is in its nature a bet or wager; if not so according to the ordinary acceptation of those terms, it is so within the strict import of the language of the

prohibitory section of the statute. It is an agreement by which the insurer wagers a large sum, the payment whereof is " made to depend upon the happening of some chance, casualty, or unknown or contingent event."

I cannot resist the conclusion that the contract, as set out in the complaint in this action, when construed with reference to the provisions of our statute, is *prima facie* an insurance within the prohibitory clause in the statute, and not shown on its face, nor by any averment to be saved by the exceptions in the tenth section.

No property or interest in the subject of the insurance (the freight) is stated, no fact is alleged from which the law infers any interest in the freight. The insurance is expressed to be on account of whom it may concern, and there is no intimation that the plaintiff, or any person for whose benefit the contract was made, was in any manner concerned in the matter. No interest in the ship either as charterer or otherwise which would in anywise involve an interest in the freight is intimated. There is nothing to show that the plaintiff would be damnified by the loss, or that there was any thing in his relation to the subject which made an indemnity or security to him possible, and, finally, the freight is valued at the sum insured, " carried or not carried," a provision, though somewhat speculative, perfectly proper if he had an interest in the freight, which might be earned upon cargoes to be procured within the twelve months, if the vessel was not lost, but which, if he had no such interest, made the wagering character of the policy most obvious.

It seems to me that the contract thus exhibited is an insurance without interest. It is suggested that the words in the policy, " Policy proof of interest," prevents such an inference. Not so; those words do not purport to state or suggest any fact regarding the relation of the assured to the subject, but only to regulate the manner in which such fact may be proved, if necessary; the use of such words, so far from showing that the assured had an interest, savor strongly of a wager, and may rather be deemed to indicate (though not conclusively) that a

Williams agt. The Insurance Co. of North America.

wager was intended, and for that reason policies containing those words have been prohibited by statute in England ever since 1732, as pernicious in their tendency; and surely if it be necessary for a plaintiff to prove his interest to make his contract valid, the statute cannot be made a dead letter by such a convention between the parties which operates to dispense with it. To hold such a stipulation conclusive would enable the parties to evade the statute whenever they agreed to do so, and the statute would be no protection against the evils it was designed to prevent; and if the effect of those words is that the plaintiff need not prove interest, and the defendant cannot controvert it, I should incline to hold that the use of those words in a policy was itself a fraud upon the statute, and rendered the policy void on its face.

If, then, the contract set forth in the complaint is *prima facie* an insurance without interest, it is by the plaintiff's own showing a wager, and *prima facie* within the prohibition in the statute.

But it is not necessary to hold that the contract set forth is to be taken *affirmatively* as *prima facie* an insurance without interest, and it is supposed that the observations of KENT, *Ch. J.*, in Clendening agt. Church, (3 *Caines R.* 141,) and SAVAGE, *Ch. J.*, in Buchanan agt. Ocean Ins. Co., (6 *Cow.* 332,) forbid such a holding. The construction and effect of those cases will be presently noticed. But conceding for the present that such is the authority of those cases, it still remains true that the contract set forth in the complaint does not by any of its terms *import interest* in the plaintiff in the subject of the insurance, nor is his case supported by any averment which brings him within the exception in the statute. In other words, he has not stated facts upon which it can be said affirmatively that he is entitled under the statute to recover the sum insured.

It was insisted that the contract itself implied an interest in the plaintiff, and that it was therefore only necessary for the plaintiff to set out the contract, with its consideration, and aver the breach, and so put the defendants to defend. This view of the subject puts an *interest* in the *contract* (which, as a contracting party, the plaintiff undoubtedly has) in the place

24

of an *interest* in the *subject* to which the contract relates, without which interest the contract is itself void.

The case mainly relied upon by the plaintiff to show that no averment of interest is necessary in declaring upon a policy is Nantes agt. Thompson, 2 *East*. 385. In that case GROSE, Justice, in giving the opinion of the court, undoubtedly expresses the opinion that in declaring upon an interest policy, the authorities are in favor of dispensing with an averment of interest; and yet a careful examination of the case and the opinion will, I think, show that the views of the court there rather indicate that under *our statute* such an averment is necessary than the contrary. In the first place, that case did not turn at all upon the question whether the contract as declared upon was to be deemed void as a wagering policy. That was not claimed, for it being an insurance on a foreign ship, the contract was valid whether a wager or not, it not being within the statute 19 Geo. II., chap. 37, prohibiting wagering policies. But the question urged upon the court was, whether a contract of insurance was not to be taken to be according to its original and proper meaning, a contract of indemnity, and whether, therefore, if no interest was averred, the plaintiff did not fail to show any ground of indemnity; and, on the other hand, if the policy was to be taken as a wager, whether it must not appear by the complaint that the defendant entered into the wager as such, and with a full understanding of the nature of his engagement.

All that it was necessary to decide, and all that the court did in fact decide, was, that where the insurance, whether made upon interest or without interest, would be alike *valid*, it was not necessary that the declaration should aver any interest. It by *no* means necessarily follows from that decision that, in a case which comes within the prohibitory statute, (under which, if the assured have no interest, the policy is void,) an averment of interest is unnecessary; and as evidence that in that case such averment was a matter of *prudence, at least*, the court say that, " subsequent to the statute 19 *Geo*. 2, we do not find any instance where, in cases within that statute, an interest has not

been averred; which affords some inference that, without such averment, a policy in the form this is, (*i. e.*, which does not on its face show that the assured has an interest in the subject,) is not necessarily to be taken to be an interest policy." This suggestion of the court tends manifestly to support the views above expressed.

The two cases in this state cited in support of the present declaration, (3 *Caines*, 141, *and* 6 *Cow*. 316, above referred to,) both rest upon this same case from 2 *East*, and proceed upon a similar view. At that time a wager policy was a lawful contract in this state, and therefore, whether an interest was averred or not, did not affect its validity, however the question of interest or no interest might affect the right of recovery for any but a loss absolutely total; and the court (in 3 *Caines*) in considering the effect of an omission to aver an interest, assume that the contract was valid, interest or no interest, and *for that reason*, as I think, say that such omission is not to be considered as *decisive evidence* of no interest. The right of recovery in that case depended, if the assured had no interest, upon the question whether the loss was total; and the court, finding upon the whole of the plaintiff's evidence that he had no interest, and that the loss was not total, sustained the nonsuit ordered at the trial.

It by no means follows that, if an interest in the assured had at that time been essential to the validity of the contract itself, such an averment would not have been deemed necessary. The case from 6 *Cowen* involved the same question, and was decided upon like grounds.

Again, the court in the case of Nantes agt. Thompson (2 *East. supra*) refer to the original design and nature of the contract of insurance, as stated in the early history of the subject, viz.: as a contract of indemnity from a real loss, (*vide Park on Ins.*, 1, 2, 259, 260,) and to its subsequent perversion, so as to be used for other purposes, and the employment of the terms "insurance" and "assured" in a loose and improper sense when the party had no interest—and they very distinctly intimate (though they were not called upon by that case so to decide in

terms) that if they were now called upon to put a construction upon the instrument, considered in its most proper signification as a contract of *indemnity*, they should deem an averment of interest necessary—and upon the ground that a plaintiff, relying upon a contract of indemnity, and demanding that indemnity, must show that he had been damnified.

This, I apprehend, is what this court, under the present statute of New-York, *is* called upon to do. We are called upon to put a construction upon the contract as alleged in these pleadings, considering it as a contract of indemnity or void.

Our statute in this respect has restored the contract of insurance to its original and proper signification, viz. : a contract "for the security or indemnity of the party insured;" and if the present be not such a contract, it is void. (*Vide* 1 *Rev. Stat.* 662, § 10 *and* § 8, *above cited.*) By its plain provisions there can be no valid insurance unless some interest is at hazard of loss against which an indemnity or security may be provided ; in other words, there can be no valid insurance unless the assured has an interest; and, therefore, unless such an interest appears, no valid contract is shown, and no liability is created ; and no obligation is charged upon the defendants without some averment that brings the plaintiff within the provisions of the statute. It may perhaps be said, as before suggested, that every insurance (within the terms of the eighth section of the act in the comprehensive language employed by the legislature in some sort as a definition of what they intended by wager, bet, or stake) may be regarded as a stake, bet, or wager upon a chance, casualty, or contingent event; and that such *is the form* of the contract, when considered irrespective of its application to the particulars of each case, and therefore, that one who seeks to recover upon a policy, must always show that his case is within the exceptions made by the tenth section of the act before his title to any recovery can appear. In other words, that he must show that under the circumstances to which the contract in question is applicable, the contract was for indemnity or security.

It seems to me just to say that the statute, when it declares

that the prohibition shall not extend to insurances made in good faith for the security or indemnity of the party insured, by clear implication declares that it shall embrace and make void every other insurance. If this be so, then it is as if the legislature had said all insurances shall be void except those so made.

It would not, I think, be doubted if that had been the language of the statute, that a plaintiff claiming under an insurance must have averred facts showing that his case is within the exception.

It was suggested that the plaintiff need not show himself to be within the exception, but that the defendants, if such be their defence, must set up in their answer the want of interest in the plaintiff, and show on their part that the contract is void; and it was added that a plaintiff, in declaring upon an agreement to pay money, need not anticipate and negative the defence of usury. He may leave that to be set up by the defendant.

This example furnishes a very proper illustration of the effect of statutes like the present, but it operates against the plaintiff. The question, which of the parties has the burden of showing (and of course of alleging) the facts which make a statute applicable to the contract in question often arises, and the answer depends upon the frame of the statute itself. Where a statute declares that a deed or contract is void, if or provided it is made in a particular manner or upon a specified consideration, (e. g., upon usury,) it is not necessary for the plaintiff to negative the condition; he may leave it to the defendant to set up the facts which bring it within the condition upon which, and upon which alone, it is void.

But where a statute makes a deed, or agreement, or other act void, unless made upon a specified consideration, or under specified circumstances, the rule is reversed; the plaintiff must show that the circumstances exist under which alone it can have validity; the defendant in such case may rest upon the general prohibition.

This rule of pleading I believe to be familiar, and it seems to me to be applicable to this case.

But, *secondly*, The plaintiff insists that by averring that the plaintiff "furnished the defendants with due proofs of the loss and of interest," he has sufficiently averred his interest in the subject.

I think not. An averment that he has *furnished proof* of interest is no allegation that he has an interest. A denial of that averment would not put the question of interest in issue; it would simply amount to a denial that the plaintiff had furnished the preliminary proof in compliance with the conditions of the policy. Nothing can be said to be a sufficient averment of a fact which, if denied, would not put the fact in issue. Suppose the only averment of *loss* was this same statement that the plaintiff had furnished to the defendants proof of loss; it could never be claimed that this sufficiently alleged the loss itself. Indeed, nothing is more common than for a defendant on the trial to admit the sufficiency of the preliminary proofs, and that they were furnished to the defendant; and yet that never dispenses with proof of loss on such trial.

My conclusion is that, under our statute, it is necessary, in declaring upon a policy of insurance, (especially where the policy does not on its face import that the insurance is upon interest,) to aver that the insured had an interest to be protected thereby, in such a sense that the insurance operated as a security or indemnity to protect him against loss from the perils insured against.

Having such interest, and it so appearing, that interest may be valued in the policy, perhaps the policy may be made by the agreement of the parties *prima facie* evidence of such interest; but these provisions of the policy relate to the evidence to be received to those points on the trial, and in no wise dispense with such averments as show the *contract itself* to be valid and binding upon the parties.

Judgment must be ordered for the defendants on the demurrer, but the plaintiff may have the usual leave to amend his complaint within twenty days, on payment of costs.