ELIZA A. WHITE, ADMINISTRATRIX, ETC., OF LEVI JOHNSON, DECEASED, APPELLANT, *v.* PETER J. BUTTON, AS ADMINISTRATOR, AND C. ANGELINE BUTTON, AS ADMINISTRATRIX, WITH THE WILL ANNEXED OF JANE A. JOHNSON, DECEASED, RESPONDENTS.

*Purchase of land by a husband for his wife — liability of the husband's estate for the amount of a bond and mortgage given by the husband and wife to secure the purchase-money.*

By the will of Levi Johnson, made in 1854, he gave to his wife the use during her life of the house and lot where he then resided in Auburn, and of all his personal estate, and from and after her death he gave the property to his daughter Eliza. He afterwards negotiated for the purchase of another house and lot in Auburn and caused the same to be conveyed to his wife, who joined with him in executing a bond and mortgage to secure a portion of the purchase-price thereof. Prior to his death he sold the first mentioned house and lot and paid $800 on the bond and mortgage given by himself and wife as above stated. After his death his widow, while acting as sole executrix, paid $1,000, the balance of the amount secured by said bond and mortgage, and upon an accounting had before the surrogate her administrators were allowed to charge this payment against the estate of her husband.

*Held,* that although the agreement of the husband contained in the bond, to pay the amount secured by it, was without consideration, yet as it was made to a third person it was valid and enforceable as between him and his wife and their estates.

That as by the terms of the bond the liabilities of the husband and wife were equal, each was, as between themselves, liable for but one-half of the amount.

That the circumstances of the case justified the conclusion that the payment of $800, made by the husband in his lifetime, was intended as a present to his wife.

That the administrator of the wife's estate was entitled to charge the husband's estate with but $500 of the $1,000 paid by her upon the mortgage.

APPEAL from a decree of the surrogate of Cayuga county.

Levi Johnson, the husband of Jane A. Johnson, and the father

of the appellant (whose name then was Eliza Johnson), made his will in 1854, by which he gave to his wife the use, during her life, of his house and lot where he then resided in Auburn, and of all his personal estate, and from and after her death he gave the property to his daughter Eliza. He afterwards negotiated for the purchase of another house in that city at the price of $2,300, and caused the conveyance of it to be made to his wife. At the time of the conveyance he paid $500, and he and his wife joined in a bond for the balance of the purchase-money, secured by mortgage by them executed upon the premises so conveyed, and he sold the house and lot first mentioned. He afterwards paid $800 of the amount so secured, and died in 1865 leaving the will, which was admitted to probate, and letters testamentary were issued to his widow and Alvah Johnson. The latter died in 1868, and thereafter until her death in 1883, the further execution of the will devolved on the widow alone. She also left her will, which was admitted to probate and record, and letters testamentary thereon were duly issued to Charles C. Button. The daughter Eliza received letters of administration with the will annexed upon the estate of her father, and afterwards proceeded by petition before the surrogate to require the executor of Mrs. Johnson's will to account for and deliver over the estate which came to his testatrix under the will of Levi Johnson, deceased, and to which the petitioner alleged she was entitled. The accounting was had and the surrogate decided that the petitioner was entitled to receive from the estate $4,000 and no more, and because the will of Mrs. Johnson directed that such amount be paid to the petitioner in full satisfaction, and it had been so offered by the executor Button to, and refused by, the petitioner, the surrogate charged her with costs. A decree was entered accordingly, and the petitioner appeals. Since then the executor defendant has died, and the present defendants as administrators, with will annexed, have been substituted.

*E. A. Woodin*, for the appellant.

*James Lyon*, for the respondents.

BRADLEY, J.:

In the proceeding for the accounting it appeared that Mrs. Johnson paid from the estate of her testator, the remaining $1,000

secured by the bond and mortgage of the purchase-money of the premises conveyed to her. And the surrogate allowed that sum to the executor of her will as a proper charge against the estate of Levi Johnson, deceased. He held that the debt for the purchase-price of the premises was that of the husband, and that she had the relation of his surety in the bond and mortgage, and in that manner supported the charge. While on the part of the petitioner it was contended there, and is here, that because she took title to the property the debt was hers, and as between her and him there was no legal liability on his part to pay it.

The only question on this review arises out of that controversy. As between the husband and wife the conveyance was made to the latter without any other than a meritorious consideration, and the payments by him made were gifts to her, and any liability he assumed to pay the purchase-money was for her benefit. He did it to provide for her a comfortable home, and very likely intended to pay the full amount of it and may have done so, had he survived the maturity of the last installment of $1,000. So far as the gift was executed it was effectual to vest property in his wife, but so far as it remained unperfected or executory as between them no legal right was vested to require its completion. He could incur liability to another for property and vest in her title to it by gift, and the debt be his, and as between him and wife, he and his estate be chargeable to pay it. The deed and mortgage were simultaneously made, and in practical effect as between the parties to them were parts of one instrument, and the conveyance was of the equity of redemption only, which as between her and the grantor was all the wife took by it. (*Stow* v. *Tifft*, 15 Johns., 458; *Jackson* v. *De Witt*, 6 Cow., 316; *Mills* v. *Van Voorhies*, 20 N. Y., 412.) The undertaking to pay the secured portion of the purchase-money was executory. If the agreement of the husband to pay had been with or to the wife, and her remedy to require payment by him as his debt depended upon such undertaking there would be no legal liability on his part, nor could it be treated by her as his debt. (*Whitaker* v. *Whitaker*, 52 N. Y., 368.) If he had taken the deed himself, incurred no personal liability, and given a mortgage on the premises, and then without consideration conveyed them to his wife by deed with covenants of warranty and

against encumbrances, he and his estate would not have been charge-able to her by way of protection against the lien of the mortgage or for reimbursement if she were compelled to pay it, because her right would in such case depend wholly upon the covenants in the deed to her, and they being executory would furnish no support for such remedy in her behalf. (*Duvoll* v. *Wilson*, 9 Barb., 487.)

The reason is founded in the fact that no liability could be created or arise out of the covenant or agreement made without consideration to support it. But here the obligation assumed by the husband was to the grantor and was personal and valid. It was his debt and he was liable to pay it, and as between him and his wife individually and as his personal represesentative it could be so treated. It was in no sense an agreement with her to pay to her or for her benefit, but as between them it was a liability to another to pay for property purchased of which the conveyance to her was a gift by her husband to the extent of the payments and liability made and assumed by him to the grantor. And if she had been compelled to pay and paid for the protection of her title any portion of the amount so assumed by him, she would have been afforded the right of subrogation for the purpose of charging him or his estate with the amount of such liability because it was his debt. (*Cole* v. *Malcolm*, 66 N. Y., 363.) She as his personal representative was justified in paying the amount necessary to discharge such liability. The remaining question is what was the amount of it? The bond given for the unpaid purchase-money was executed by both husband and wife. The debt was for property conveyed to her. By the terms of the instrument their liabilities were equal and both were legally liable to the obligee, and unless something *aliunde* that instrument justifies or requires the conclusion of a different relation, each as between themselves was chargeable for one-half only of the amount.

The circumstances justify the conclusion that the payment of the $800 by Mr. Johnson on it was made without any purpose to require his wife to contribute, but as a discharge of both obligors to that extent. The wife, therefore, is not chargeable with any portion of that sum so paid by him, and the question of liability to contribution as between them has relation to the $1,000 only, which was paid by her as executrix from the estate of her testator. The court below determined that the debt was that of the husband and

the wife was surety. The evidence is that the purchase of the premises was negotiated by Mr. Johnson, and he made the bargain for them in the absence of his wife. If the debt was his alone why did she execute the bond? The sale and purchase were not consummated until the bond and mortgage were made. It does not appear that it was his debt. The fact that he did the business of making the purchase, and the inference that it was his purpose to provide a home for her are not sufficient. The purchase was for her benefit as the conveyance to her shows. The obligation was to pay for her property. Their relation, if designed to be other than that which the terms of the bond imported, was produced by agreement between them; and if the husband's agreement with her was that he would pay the whole amount, and thus in effect give her the relation of surety in the instrument, it would be executory, and being without consideration and for her benefit would create no legal liability on his part to her. As against the unqualified terms of the bond there does not seem to be evidence sufficient to prove that the entire debt was that of Mr. Johnson. He had not before the execution of the bond assumed any liability to pay. His mere intention to pay the entire amount of it did not make it his debt, nor create any such liability as between him and his wife, or give to her the relation as surety. The terms of the bond seem to control the legal relation and rights of the obligors as between themselves.

These views lead to the conclusion that the widow was entitled to charge against the estate of her testator only one-half the amount of the $1,000 paid by her to discharge the mortgage debt. The question involved was not free from difficulty. And if this result is adopted neither party should have costs of the proceeding before the surrogate or of this appeal. The decree should be reversed and a new hearing had, with costs of this appeal to abide the final award of costs unless the respondents stipulate to deduct from the amount of credit given to them and increase the amount awarded to the petitioner $500 as of the date of the decree and in that event the decree be so, and further modified by striking from it the award of costs; and as so modified be affirmed, without costs to either party.

SMITH, P. J., and BARKER, J., concurred.

So ordered.