NEW-YORK,<br>May. 1823.<br><br>LANSING<br>v.<br>McKILLUP.

Rule accordingly.

(*c*) *Vrooman* v. *Phelps*, 2 *John. Rep.* 177. *Dorlan* v. *Sammis*, *id.* 179, in note. *Valkenburgh* v. *Rouk*, 12 *John. Rep.* 337.

---

LANSING *against* J. McKILLUP and D. McKILLUP.

RUSSELL, moved to set aside the judgment, &c. which was entered, by confession, on bond and warrant.

J. *McKillup*, the principal debtor, stated in his affidavit, that the whole judgment, for $1015,29, except $115, was for usurious interest, charged by the plaintiff on an old mortgage, and exhibited a particular statement, shewing what was really due thereon.

J. *M. Ely*, contra, read an affidavit of the plaintiff, stating that $149,67 of the bond was due for a horse, sold to one of the defendants, and the residue for *compound interest* upon the mortgage, which the principal debtor had frequently promised to pay ; and which was cast by one of his sons, in his presence, and for which the defendant, *D. McKillup*, became security. *Ely* insisted, that this settlement, and contract to pay *compound interest*, was legally binding, and not usurious.(*a*)

Judgment, by confession, on bond and warrant, set aside for usury ; the usury being sworn to by the defendant, and not directly and positively denied by the plaintiff. Whether a bond to pay compound interest upon a debt is usurious ? Quere;

(*a*) Vid. *The State of Connecticut* v. *Jackson*, 1 *John. Ch. Cas.* 13 ; where this question is very fully considered, and the cases referred to.

NEW-YORK,        But, without deciding this question, as the plaintiff's affi-
May, 1823.       davit was evasive, in not *directly* and *positively* denying the
MAYOR, &c.       usury, *the Court* granted the motion.(b)
OF ALBANY
    v.                (b) Vid. *Everitt* v. *Knapp,* 6 *John. Rep.* 331.  *Hewitt* v. *Fitch,* 3 *id.*
EVERTSON &       250.  In *Fanning* v. *Dunham,* 5 *John. Ch. Cas.* 122, the cases of prac-
WESTERLO.        tice, as to setting aside judgments, on usurious bonds and warrants, are col-
                 lected.  The *Chancellor* says, (*page* 137) " From the proceedings of the
                 Supreme Court, in *Dunham* v. *Fanning,* I am led to infer that the practice,
                 on this subject, has changed since I left that Court ; and that all *summary*
                 interference at law, with judgments upon confession, *charged with usury,* is
                 now denied."