# SUPREME COURT.

MARTHA BLYDENBURGH agt. LEVI M. NORTHROP and others.

The provisions of the Code and the Revised Statutes, as to the *lien of judgments*, are substantially alike: that is, the date and order of the lien is, in all cases, a question of *time*, depending on the *day and hour* when the judgment was *docketed*.

On a judgment by confession under the Code there is no suit, no recovery, or adjudication, either actual or formal, of any court or officer, until the judgment is *entered by the clerk;* and it is this act of the clerk that not only creates the *lien* but the *judgment*. And until this entry is made, there is no judgment, and nothing of its existence of which notice can be given to subsequent incumbrancers, or grantees.

A judgment-creditor and *assignee* of a mortgagor, (of all his personal property nd choses in action,) is not entitled to subrogation of the mortgagee on a foreclosure of the mortgage (of real estate,) for an amount of interest paid by the mortgagor to the mortgagee subsequent to the judgment and assignment, although the evidence leaves it probable that the amount was obtained by the mortgagor from the proceeds of the assigned property, where it appears that the mortgagee received the money in good faith, and without any knowledge that the mortgagor was violating any trust or duty—and especially where there was no ear-mark or means of identifying the money.

The fact that the mortgagor, at the time the loan was made to him by the mortgagee, acted as the *agent* of the latter in procuring the loan of the money, would not be notice sufficient to bind the mortgagee as to subsequent dealings between the mortgagor and his assignee.

It appears to be the settled doctrine in this state, that a widow is entitled to *dower* in the *surplus proceeds* of her husband's lands, after satisfying all the incumbrances to which she is bound to contribute. It is equally well settled, that a wife is entitled to an inchoate right of dower in an *equity of redemption*. (*See* 8 *Barb.* 618.)

And a wife is also entitled to an inchoate right of dower in the *surplus proceeds* of lands, sold on foreclosure of a mortgage *given for the purchase money*, after satisfying the mortgage, where she executed the mortgage with her husband.

*Dutchess Special Term, Sept.,* 1856.

THIS case came up on an application for judgment in a foreclosure case, on the report of a referee and the evidence taken before him. The facts are stated in the opinion.

J. F. BARNARD, *for plaintiff.*
GILBERT DEAN, *for defendants.*
JOHN THOMPSON, *for defendants Northrop and wife.*

EMOTT, Justice.   The provisions of the Code, as to the lien of judgments, are substantially like those of the Revised Statutes.   Under these it was held by Chancellor WALWORTH, in *Buchan* agt. *Sumner,* (2 *Barb. Ch. R.* 165, 193,) that there was no lien created by the recovery of a judgment until it was docketed, and therefore no question of notice or contest as to priority could arise between a creditor holding a judgment not docketed and a party having any specific lien by mortgage, or any conveyance of title.   The date and order of the lien of a judgment was, in all cases, merely a question of time, depending upon the day and hour when it was docketed, as required by the statute, and thus acquired the rights which the statute gave.   All the reasoning of this case applies to judgments under the Code.   And there are some additional considerations of no slight force under the present system, especially in such a case as that before me.

This is a judgment by confession, and entered with the clerk of *Dutchess* county, where the lands are situated; and no other docket in this county was either required or made.

There is no suit, no recovery, or adjudication, either actual or formal of any court or officer, until the judgment is entered by the clerk: and it is the act of this officer that not only creates the lien, but the judgment.   Formerly there was a judgment-roll or record, made by the suit of the plaintiff, the confession of the defendant, and the adjudication of the court, attested by the signature of the proper officer.   The judgment was complete in itself, as an act and a record, as soon at least as it was filed.   But now there is neither a suit nor an adjudication, nor its entry—nothing but an authority to the clerk to render and enter a judgment.   Until this officer enters and records the adjudication thus authorized, there is no judgment, nothing of the existence of which a notice could be given to a subsequent mortgagee or grantee.   There is not only no lien,

Martha Blydenburgh agt. Northrop and others.

because that is, in all respects, the creation of the statute, but there is no judgment at all.

It is quite clear, therefore, that any notice by the defendant Mr. Dean, to the plaintiff, when she took her mortgage, of a judgment not then entered, was only a notification of something intended, and not a notice of any existing thing, any completed act of a party or a court, much less of any actual consequent lien then in force.

In May, 1856, the defendant Levi M. Northrop, who is the mortgagor, paid the plaintiff $251.02, which she applied and indorsed upon the interest due on the bond and mortgage, which she is now foreclosing. This payment Mr. Dean claims was made in fraud of his rights, and under circumstances which entitle him to assert the lien of the mortgage, upon which this payment was applied, for his own benefit to the extent of the payment, either in preference to, or *pari passu* with the claim of the plaintiff for the rest of the mortgage.

It appears that in January, 1856, Northrop executed an instrument purporting to be an absolute and unconditional assignment of all his personal property and choses in action to Mr. Dean. It is not very clear, from Northrop's testimony, from what source the money was derived which was used in making this payment—probably a portion of it, at least, was money, or the proceeds of property which belonged to Mr. Dean, or was intended to pass under the assignment to him.

It is admitted that the mortgaged premises are not worth more than $4,000; and the amount of the incumbrances, deducting this payment from the plaintiff's mortgage, will considerably exceed that amount. Upon these facts Mr. Dean claims that this payment should not be suffered to go in extinguishment or satisfaction of any part of the mortgage or its lien, but that he should be substituted for the plaintiff to the extent of two hundred and fifty-one dollars of the mortgage, and allowed to preserve and enforce its lien for his own benefit.

After very careful consideration, I have been unable to concur in this view of the case. This payment was made by Northrop to the plaintiff herself directly; and there is no proof that

she had any notice or information either of the assignment by Northrop to Dean, or that the money which Northrop paid her was not his own, was Mr. Dean's, or was derived from Mr. Dean's property. Northrop owed her the money: she was entitled to demand and to receive it, and he was bound to pay it. There is no ear-mark upon the money, nor any means of identifying and following it from hand to hand, so that a person who comes by it honestly and in good faith, in payment of a just debt, can be made responsible for its amount to the creditor of the person from whom it is received, and who may have fraudulently misappropriated it.

It is urged that Northrop was the agent of the plaintiff in making this loan, and that notice to him is equivalent to notice to her; and whatever facts or equities he was aware of, must be considered as known to her also. If this were true, it could only be in reference to facts and equities existing at the time of the loan or transaction, in which Northrop acted as the plaintiff's agent. And it could not be pretended that because the plaintiff entrusted her money to Northrop to lend on this mortgage, she was therefore bound to know all the subsequent dealings between Northrop and Dean, or can be affected by their acts to the same extent as if she had known them. But, in truth, Northrop represented himself only, and acted for his own interests in reference to this loan and mortgage. He borrowed the money of her for himself, and he could not be at once the borrower and lender in the same transaction. Then how can the fact, that he subsequently misappropriated money of Mr. Dean to pay his own debt without the knowledge of the plaintiff that he was violating any trust or duty, deprive her of the right to receive or retain what was due her, or enable Mr. Dean to come in and assert a lien for the amount thus paid and discharged, in preference either to her or subsequent creditors.

The only remaining question in the case, arises upon the claim of the wife of the defendant Northrop, that her inchoate right of dower in the mortgaged premises should be protected. She did not execute the mortgage held by the plaintiff, and for the foreclosure of which this suit was brought; and as there is

no other incumbrance upon a portion of the property which it covers, there is no other question as to so much of the proceeds of the sale than that which was discussed and decided by Mr. Justice BROWN in the case of *Denton* agt. *Nanny*. (8 *Barb.* 618.) That was a case where the wife had executed the mortgage, and claimed her dower in the surplus proceeds of the sale. I think the learned judge establishes, both upon principle and authority, that the wife's right of dower, although inchoate, is entitled to the same protection in cases where the lands are sold under a judgment for the foreclosure of a mortgage, as in partition suits; and that wherever she has even a contingent right of dower, she cannot be deprived of it in any way without her own act and assent.

I do not understand that any serious question has ever been raised as to the right of a widow to dower in the surplus proceeds of her husband's lands, after satisfying all the incumbrances to which she is bound to contribute. Her right to dower in such a case cannot be denied, without denying altogether the right to be endowed of an equity of redemption, and nothing is better settled in this state than the right of the wife to dower in such an estate.

But as to a portion of these premises, a different question arises. There is a part of these lands which are covered by a mortgage prior to that held by the plaintiff, which was given for purchase money, and was executed by both Northrop and his wife. Mrs. Northrop claims an inchoate right of dower in the surplus proceeds of these lands also, after satisfying this incumbrance. This is denied upon the ground that where a man executes a mortgage for the purchase money simultaneous with the conveyance to himself, his seizure of the lands is so transitory and instantaneous that dower cannot attach at all upon it. This view of the law was unquestionably taken by the late Mr. Justice BARCULO in the case of *Cunningham* agt. *Knight*, (1 *Barb. S. C. R.* 399;) and he considered the case of *Jackson* agt. *Dewitt*, (6 *Cow.* 316,) to have been decided upon the same principle. Neither of these cases is in point upon the present question, although the doctrine to which I have referred,

and which is asserted in the latter, would of course be fatal to the claim of the defendant in the case at bar.

*Jackson* agt. *Dewitt* was a suit at law in which the widow brought ejectment, and claimed dower in the whole premises against the mortgagee, to whom her husband had released his interest in satisfaction of a mortgage for the purchase money. It would have been a sufficient and satisfactory answer to this suit, as is observed by Vice-Chancellor RUGGLES, in his learned opinion in the case of *Bell* agt. *The Mayor of New-York*, (10 Paige, 57,) to have said, that no action at law would lie against the release of the husband under such circumstances, since, as to him, the mortgage should be considered as existing, and must be redeemed before dower could be claimed. The original estate of the husband was only an equity of redemption, and it would have been evidently inequitable to treat the reconveyance by the husband as an extinguishment of the mortgage, so as to let in dower upon the whole estate against the mortgagee. But it would be at least as unjust to hold that a woman cannot be endowed in the equity of redemption, or that her rights could not be protected in the surplus proceeds of lands after satisfying the purchase-money mortgage, no matter how small may have been the incumbrance, or for how small a portion of the price of the land, or how large the surplus, or how amply the wife may have contributed to redeem or satisfy the debt. Such a construction of the doctrine of transitory seizin would be at least a very harsh application of a technical rule to an estate said to be favored by the law so much as dower.

The case of *Cunningham* agt. *Knight* was a bill for the recovery and admeasurement of dower, in lands which the husband of the dowress had mortgaged for the purchase money, and then released to the mortgagee. This latter fact was held to be a bar to the claim of dower, and this distinguishes that case from the present. Here is a suit to foreclose the equity of redemption, and the wife is a party; and when the mortgage is paid out of the proceeds of the sale, the wife is in a position, if she ever is, to assert her right of dower, either inchoate or actual, in the residue. But, as I have already intimated, I am

Martha Blydenburgh agt. Northrop and others.

unable fully to concur in the views of my learned predecessor in *Cunningham* agt. *Knight.*

In the case of *Bell* agt. *The Mayor of New-York,* (10 *Paige,* 49,) to which I have referred, the vice-chancellor of the second circuit held, that a widow was entitled to dower in the equity of redemption in property covered by a mortgage for the purchase money, which had been foreclosed after the death of the husband, but without making the wife a party; and his decision was affirmed by the chancellor on appeal.

It appears to me difficult to reconcile the views of Mr. Justice BARCULO, in *Cunningham* agt. *Knight,* with the point clearly and, I think, satisfactorily enunciated and decided in this case. It is true, that as far as the mortgage is concerned, and with respect to the mortgagee and his assigns, the seizin of the mortgagor is transitory and instantaneous. Dower will not attach upon it to affect any rights derived from the mortgage; and the wife is neither required to join in the mortgage nor subsequently to release her dower in order to exclude her claim against the mortgagee and his assigns. This was the doctrine of courts of equity, and it is declared by the statute. (1 *R. S.* 740, §§ 4, 5, 6.)

At law there is no seizin of the husband against the mortgagee; and when the legal title of the husband has been extinguished by a release to the mortgagee or by a foreclosure of the equity of redemption, there is an effectual bar to an action at 'law for dower, and the widow must resort to a court of equity, in which the husband will be regarded as having a seizin in equity against all parties but the holder of the mortgage, and his mortgage to be still outstanding for the protection of the mortgagee and his assigns; and the only right of the widow claiming dower will be to redeem the mortgage, and have dower in the surplus.

In the present case the equity of the husband has neither been foreclosed nor released, and the wife will be entitled to be endowed in these lands, subject to this mortgage, if she survive her husband. I shall follow the decision of Mr. Justice BROWN, in *Denton* agt. *Nanny,* in providing for the protection

of this inchoate interest, and the judgment will provide for the investing, by the county treasurer of Dutchess county, of one-third of the proceeds of that portion of the premises not covered by the mortgage held by Gilbert Dean, administrator of Seabury Smith, and one-third of the surplus proceeds of so much of the lands as are included in that mortgage, after satisfying the same.

The interest of this fund is to be subject to the order of the court during the joint lives of Levi M. Northrop and his wife : if she survive him, it will be paid to her during her life, and at her death the whole fund will be held subject to the disposition of the court, on a proper application.