I think the order dismissing the complaint should be reversed, and a new trial ordered, with costs to abide the event.

LEONARD, J.—I concur. The stipulation gave the defendant no authority to read any affidavit. Nor did the reading of Giles' affidavit by the plaintiff authorize the reading by defendant of another sworn by Angier, although annexed to the former, and forming part of the papers on which the magistrate issued his warrant.

CLERKE, J., concurred.

---

## MATHEWS *a*. DURYEE.

*Supreme Court, First District; General Term, March,* 1864.

DOWER IN SURPLUS MONEYS.—GROSS SUM.—ANNUITY TABLES.—
WIDOW'S DEMAND.—INTEREST.—FORMER ADJUDICATION.—
PARTIES.—ASSIGNEE FOR BENEFIT OF CREDITORS.—REPRESENTATIVE CAPACITY.

The surplus money arising on a sale of land under mortgage foreclosure, stands in the place of the land in respect to those having liens or vested rights therein. Thus, the widow of the owner of the equity of redemption is entitled to dower in the surplus, as she was in the land before the sale.

The widow of the owner of the equity of redemption is not barred of her right to dower in surplus moneys arising on a foreclosure, by her failure to assert her claim in proceedings to obtain the surplus, where the person to whom such surplus has been paid has not been induced to take any action or part with any thing, and has sustained no injury, by the widow's neglect.

*So held*, in favor of a doweress against her husband's assignee.

Nor is the right of dower in such case barred by the pendency of an action by the assignee, asking the direction of the court in distributing the fund, in which action the doweress, though a party defendant, failed to answer.

A former adjudication, as a bar, is limited to questions in issue, or which the claimant was bound to raise therein, and to persons legally before the court.

The title of an assignee, for benefit of creditors, to surplus moneys arising upon the foreclosure of a mortgage given by his assignor, is of no higher degree than that of a creditor having a lien upon the land by judgment before the foreclosure sale. The right of the widow of the assignor to dower is paramount to either.

The consent of a doweress to accept a certain amount in lieu of dower, may be inferred from her claim to the benefit of a judgment in her favor for such amount, in an action to recover her dower.

Where a widow demanded dower in surplus moneys received by her husband's assignee, the latter making no objection to the form or extent of the demand, —*Held*, that a refusal of the demand subjected the assignee to a liability for interest on the amount to which the doweress was entitled.

The sum in gross to be allowed by judgment to a widow in lieu of dower from a fund treated in equity as land, is properly estimated on the basis of the annuity tables, adopted by Rule 84 of the Supreme Court.

An assignee for the benefit of creditors represents, in his capacity as assignee or trustee, all the creditors of the estate, and they are not necessary parties to an action for a payment out of the fund.

Appeal from a judgment.

This action was brought by Sarah A. Mathews against Sackett L. Duryee, Charles S. Mathews, Jr., Annie E. Hayes, and Sophie S. Mathews, to recover dower in certain surplus moneys arising after sale on foreclosure. Charles S. Mathews, the husband of the plaintiff, was seized in fee, during marriage, of certain real estate mentioned and described in the complaint. Such real estate was incumbered by certain mortgages—two executed by Mathews and wife, and one by Mathews alone, the latter being for part of the purchase-money. On 30th September, 1857, Mathews assigned all his property to the defendant Duryee, in trust for the benefit of his creditors, including said real estate. Afterwards the mortgages were foreclosed by actions, and judgments of foreclosure and sale entered, to which actions Mathews and his wife, the plaintiff, and the defendant

Duryee, with others, were made parties defendant. The plaintiff did not appear in said actions. After sale on such foreclosures there was a surplus of $11,007.87. The defendant Duryee, as assignee, made regular application for such surplus; and after due and regular proceedings had, the same was awarded to him by order of court, in April, 1859, no one opposing.

His widow, the plaintiff, now claimed dower in this surplus. She was forty-five years old.

In 1859, Duryee brought an action in the Supreme Court for the purpose of settling the rights of certain creditors in the assigned estate, in which action plaintiff and her husband were made parties defendant.

The action was still pending. Plaintiff did not appear in that action, nor did she join her husband in the assignment, nor had she released her right of dower in any manner. Charles S. Mathews died February 1st, 1861. The defendants, other than Duryee, were, in this action, the heirs-at-law of Charles S. Mathews, deceased.

Duryee only answered. There were numerous creditors of Charles S. Mathews, whose claims had not been fully paid.

Plaintiff had demanded dower in this fund before suit.

The defences relied upon by Duryee were: 1. That plaintiff was concluded by the orders directing the surplus to be paid to Duryee, as owner of the equity of redemption. 2. That plaintiff was bound to assert her right of dower in the action brought during the life of her husband, to settle the rights of creditors, &c. 3. That this action must fail, because the creditors of Charles S. Mathews were not made defendants.

The court, at special term (Mr. Justice Peckham), rendered judgment in favor of the plaintiff for $2,225.21, with interest and costs, against the fund in Duryee's hands.

Duryee appealed.

*Marsh, Coe & Wallis,* for the appellant.—I. By the proceedings in the foreclosure actions, and the proceedings in said action in relation to the surplus moneys, the plaintiff is precluded from maintaining the present action for dower in such surplus. 1. She was a party defendant, and duly served. She did not appear. This omission was from her own choice, and cannot prejudice the rights of other parties. She had, in that action,

different modes of protecting her interest. She availed herself of none of them, but neglected them all. 2. On the sale under this decree of foreclosure, the surplus moneys were paid into court, pursuant to the statute and rule of court. (2 *N. Y. Stat. at Large*, 200, § 159; *Rule*, 72.) An order was duly obtained in this case, on notices filed with the clerk where each of the reports were filed, directing the payment of such surplus to the defendant as assignee of the mortgagor; all which proceedings were regular, according to the rules and practice of this court. 3. The plaintiff, by neglecting to appear in the foreclosure suit, and by neglecting to file her claim for such surplus, has lost her rights therein. The law holds her to the abandonment. The recent cases which have more particularly established the wife's right to dower in such surplus moneys, have been decided on her application while such moneys were still in the custody of the court. (Denton *a.* Nanny, 8 *Barb.*, 618; Vartie *a.* Underwood, 18 *Ib.*, 561.) The fact that the plaintiff remained inactive and silent so long, when she had every opportunity of making her claim, will be construed by law into an abandonment; or the prosecution of her claim now, as a fraud upon the rights of third parties, to whom the moneys were legally awarded. (Dougrey *a.* Topping, 4 *Paige*, 94.) It is immaterial whether the plaintiff had notice of the proceedings in relation to the surplus moneys or not. She was a party to the original foreclosure actions, and by not appearing, waived her right to notice. The general rule is, that where a party to an action can enforce a remedy therein, but neglects to do so, he cannot resort to a new action for the same relief without excusing his neglect. (Van Cleck *a.* Clark, 38 *Barb.*, 316. See Canfield *a.* Monger, 12 *Johns.*, 347.) That matter which would have been a defence to an action, cannot be made subject of a subsequent suit. 4. The order of the court, disposing of these surplus moneys, is conclusive on all parties, and cannot, in this action, be disturbed. The only mode of changing the disposition of this fund, as made by the order in the foreclosure case, was either to move, in that action, to open or amend that order, or to appeal therefrom. It cannot be assailed by a new action. 5. This order of the court disposing of the surplus moneys is in the nature of a former adjudication, and, as such, concludes the plaintiff and protects the defendant. (Acker *a.* Ledyard, 8 *N.*

*Y.* (4 *Seld.*), 62; Burr *a.* Bigler, 16 *Abbotts' Pr.*, 177, 183.)
6. The plaintiff should have set up her claim in the action
brought by the defendant for the settlement and closing up of
his matters as assignee.

II. There is no evidence or admission in the case that the
defendant Duryee had, at the time of the commencement of
this action, or since, sufficient funds in his hands to pay the
plaintiff's claim, or any funds.

III. The judgment for the specific sum of $2,340.35 is erro-
neous, and cause for reversal. Because, 1. It does not appear
from the case on what basis the judge made his calculation.
For aught that appears, it may have been a mere arbitrary
decision. If it shall be said that it was an attempt to get at her
rights on the annuity principles established by Rule 84, then
the judgment is erroneous, because there is not proved any
agreement or consent to accept a gross sum in lieu of her dower
interest, as required by said rule. 2. The judge found the sum
of $2,255.21 to be the amount of her dower-right in said sur-
plus funds at the time of the trial. And then allowed interest
on that sum from the commencement of the action. This is
manifestly erroneous.

IV. No sufficient demand, before suit, was proved on the
trial. The demand simply was " of her dower in the surplus
fund."

V. The admitted creditors of Mathews should have been
made parties defendant. They have an interest in the matter
adverse to that of the plaintiff, and also have a right to be
heard on the application of the plaintiff, for the disposition of
the fund which is *prima facie* for their benefit.

*Wesley Gleason*, for the respondent.—I. Plaintiff's right in
the surplus was paramount to that of mortgagor, mortgagee, or
creditors, and could not be tried in, or affected by, the foreclo-
sure suits. Dower is a legal right, arising anterior to the execu-
tion of the mortgages. (Corning *a.* Smith, 6 *N. Y.* (2 *Seld.*),
82; Lewis *a.* Smith, 9 *N. Y.* (5 *Seld.*), 502; Hawley *a.* Brad-
ford, 9 *Paige*, 200; Tabele *a.* Tabele, 1 *Johns. Ch.*, 45;
Denton *a.* Nanny, 8 *Barb.*, 618.) Nor is it material whether
the sale, under the foreclosure decrees, was before or after the
death of her husband. (Vartie *a.* Underwood, 18 *Barb.*, 561;

Denton *a.* Nanny, 8 *Ib.*, 618; Mills *a.* Van Voorhies, 20 *N. Y.*, 412, 420.) Plaintiff's dower-right in the surplus fund could only be tried by a direct proceeding for that purpose. (Badgley *a.* Bruce, 4 *Paige*, 98; Banks *a.* Walker, 3 *Barb. Ch.*, 438–450.)

II. There is no pretence that plaintiff had notice of the application of Duryee for this surplus fund. Her rights could not be affected by the orders directing this fund to be paid to Duryee: 1. because no notice was given; 2. because equity did not require the plaintiff to assert an inchoate right of dower. Her husband was then living. Plaintiff is presumed to have been under her husband's control. "Dower is highly favored in equity, and that the doweress is in the care of the law, and a favorite of the law." The orders directing this fund to be paid to Duryee, adjudicated nothing as to plaintiff's dower-right. (Banks *a.* American Tract Society, 4 *Sandf. Ch.*, 438.) Nor could plaintiff be estopped without notice.

III. Plaintiff's right of dower could not be tried in, or affected by, the action to settle the rights of creditors. Her rights were paramount to any the assignment could confer. (Banks *a.* Walker, 3 *Barb. Ch.*, 438–450; Lewis *a.* Smith, 9 *N. Y.* (5 *Seld.*), 502.) The assignee can have no greater right to the fund than the creditors, and they can only claim the residue, after her dower is satisfied. (Hawley *a.* Bradford, 9 *Paige*, 200.) It would be a denial of plaintiff's rights to require her to share the burden of an expensive litigation between creditors, or wait until the rights of parties with whom she had no interest in common were determined. The right which she seeks to recover in this action had no existence when the action was brought by the assignee. Her husband was then living. Her dower-right accrued upon his death. Plaintiff could not litigate the dower-right in the suit brought by the assignee, because the heirs-at-law were necessary parties in her action for dower. No such right as plaintiff seeks to recover in this suit existed when the action referred to in the answer of Duryee was brought.

IV. The creditors of Charles S. Mathews were neither necessary or proper parties to this action. The defendant represents creditors. The person having the fund and the heirs-at-law are the only necessary parties. It is only necessary to make credit-

ors parties where the object is to carry out the assignment.
(Wakeman a. Grover, 4 *Paige*, 23 ; Bank of British North
America a. Suydam, 6 *How. Pr.*, 379.)

LEONARD, J.—The surplus money arising on a sale of land
under mortgage foreclosure stands in the place of the land in
respect to those having liens or vested rights therein, and the
widow of the owner of the equity of redemption is entitled to
dower in the surplus, as she was in the land before the sale.
This proposition is not disputed by the counsel for the defend-
ant, but it is insisted that the right of the plaintiff to dower is
barred by her neglect or omission to assert her claim in certain
actions and proceedings involving the title to the land or its
surplus proceeds, in which actions the plaintiff was a party.

The plaintiff was made a party defendant in the foreclosure
actions, but she omitted to appear or assert her claim for dower.
After the sale under the judgments of foreclosure, a reference
was had by an order of the court in respect to the surplus
money arising on the sale ; but the plaintiff not having appeared
in the actions, or filed any claim to the surplus, was not notified
of the proceedings, and the whole fund was ordered to be paid
to the defendant Duryee, on his claim as assignee in trust for
the benefit of the creditors of the assignor Charles S. Mathews,
the former owner of the equity of redemption, and the late
husband of the plaintiff.

*Prima facie* this money is still in the hands of the defendant,
and no evidence is offered to rebut that presumption.   He holds
the money as a trustee merely, without having parted with any
actual consideration therefor, and is under an obligation to pay
it to the party justly entitled thereto.   His title to the money
is of no higher degree than that of a creditor having a lien on
the land by judgment before the foreclosure sale.   The dower-
right of the widow is paramount to either.

The defendant, Mr. Duryee, also brought an action for the
settlement and closing of his trust as assignee, in which the
plaintiff was made a party defendant, but she made no claim
therein of her dower-right in the fund in question.

These actions and proceedings it is insisted constitute a bar
to the present action in law and equity, by reason of the ne-
glect or omission of the plaintiff to assert her claim therein, as,

it is insisted, she was required to do by the rules of law and the course of decisions in like cases.

Had there been any allegation in the complaint, in either of the actions referred to, affecting the dower-right of the plaintiff, the judgment in such action would undoubtedly have barred the plaintiff's claim. But that subject was not put at issue in those actions. The object of the first-mentioned actions was the foreclosure and sale of the mortgaged premises. As against the mortgages sought to be foreclosed, the plaintiff had no dower-right. She could not defeat the claim of the mortgagees by setting up her dower-right in those actions. The interposition of her rights as doweress would constitute a collateral inquiry only, to be considered as between the defendants in those actions who might claim the surplus money, in the contingency that any surplus should remain.

Nothing has been adjudged in any action or proceeding, except the one now before the court, relating in any manner to the claim of the plaintiff to dower in the land or in the surplus money in question.

There is no inconsistency between the order awarding the surplus money to the defendant Duryee, as assignee, and the judgment in this action, because the plaintiff was not before the referee in that proceeding, and her right was not passed upon. The defendant was adjudged to be entitled only as against those who were legally before the referee as parties, not as against the plaintiff, who was not before him.

The defendant has not been induced to take any action, nor has he parted with any thing, nor sustained any injury by reason of the neglect or omission of the plaintiff to assert her claim in any of the actions or in the proceedings referred to. He has simply obtained possession of the whole of a fund in which he is entitled to part only.

The present claim is not within the principles decided in, or is distinguishable from, the cases referred to by the learned counsel for the defendant, wherein the neglect or omission of a party to an action to assert a claim or right has been held to bar a subsequent action.

We hold, therefore, that the actions and proceedings relied on by the defendant do not amount to a bar or defence against the present action.

The facts are proven, from which a computation of the value of the plaintiff's estate or interest can be ascertained, upon the principles adopted by the rules of the court. The consent of the plaintiff to accept the sum found in her favor in lieu of dower, may be inferred from the judgment herein in her favor, from which she has not appealed.

The demand of the plaintiff "of her dower in the surplus fund," seems not to be objectionable. She demanded no more than she was entitled to. The defendant made no objection to the form or amount of her demand. He did not offer to set apart one-third of the fund in his hand, and to pay her the income of that portion, nor to admit her right to any extent in any form. It is true, that he could not be required to make her an offer; still, the demand informed him of the extent and nature of the plaintiff's claim, and it is adjudged that her claim is correct. The possession of the money by the defendant at the time of the demand, and the neglect or refusal of the defendant to admit and satisfy the plaintiff's claim, carries with it the right to interest.

The defendant also insists that the creditors of Charles S. Mathews should have been made parties to this action.

This objection is not well founded. The defendant has the legal title to the fund, and represents, in his capacity of assignee or trustee, all the creditors of the estate.

The judgment should be affirmed, with costs of the appeal from the assigned estate.

CLERKE, J., concurred.

SUTHERLAND, J.—I dissent. I think there is no precedent or principle for such an action as this. If the plaintiff has any remedy, it appears to me that it must be by a motion or proceeding to vacate or modify the orders under which the money was paid to the defendant Duryee.

Judgment affirmed, with costs, &c.*

---

* We are informed that an appeal to the Court of Appeals has been taken from this decision.