## LYON v. WELSH et al.

1. **Husband and wife:** USURY: HOMESTEAD. In an action to foreclose a mortgage upon the homestead executed by the husband and wife, to secure a note executed by the husband alone, the wife may set up a plea of usury against the note.

2. **Usury:** CONFESSION OF JUDGMENT. A statement for judgment by confession does not estop the defendant before the judgment is entered to plead usury in the debt which is the basis of the judgment.

3. **Practice:** FORECLOSURE: CONFESSION OF JUDGMENT. One mortgagor executed a statement authorizing the District Court to enter judgment

for the full amount secured by the mortgage and decree a foreclosure; the mortgagee filed a petition for foreclosure setting up the agreement; the defendant by whom it was executed, filed his answer alleging that the agreement or statement was procured by fraud; the issue was referred; the referee found for plaintiff and the report was confirmed; *Held,* that the confirmation of the report only concluded the parties as to the issue determined, and did not conclude the defendants from filing another answer setting up a plea of usury.

*Appeal from Johnson District Court.*

THURSDAY, JUNE 21.

FOR the facts, see the opinion.

*Fairall & Boal* for the plaintiff.

*W. E. Miller* and *W. C. Gaston* for the defendant.

WRIGHT, J. — Welsh and wife made a mortgage, now held by plaintiff, to secure a note of $1,400. The husband made a statement in writing, under section 3399 of the Revision, authorizing the District Court of Johnson county to enter judgment for the full amount, stating it, and for a foreclosure.

Plaintiff, in due form, filed a petition making Welsh and wife and certain incumbrancers parties, and praying a foreclosure.

Welsh answered that the agreement for confession was obtained by fraud, &c. The issue made thereon was referred, the referee found for plaintiff, and this was confirmed by the court. Defendants (Welsh and wife) then separately filed answers setting up usury. Plaintiff moved to strike both of their answers, which was sustained as to the answer of Welsh, and overruled as to that of his wife. And to test the correctness of these rulings both parties appeal.

I. On the plaintiff's appeal, the question is, whether the wife, who joined in the mortgage, but did not sign the note, can be permitted to plead usury. The mortgage was in part upon the homestead of defendants, and without determining if it was also upon other lands, she could be heard to make this defense. We unite in the opinion that her interest in the homestead clearly gives this right. She is interested, alike with the husband, in protecting this from any illegal or usurious incumbrance, and in reducing the amount of any recovery under which the same might be sold.

*1. Husband and Wife: usury: homestead.*

She is in no sense a stranger to the contract. It has been held that she has such an interest in the homestead as entitles her to redeem from a sale for taxes, when the husband fails for any cause to do so. *Adams* v. *Beale*, 19 Iowa, 61. And the right to defend it against the demand of the usurer would seem to be even more unquestionable. And, indeed, all of the decisions of this court, as to the rights of the wife in and to the homestead, are in entire accord with this right.

II. But upon this point we need do no more than indicate our conclusion, as upon the second question, we conclude the court below erred, and as this will let in the husband to interpose this defense, the right of the wife to do so, in this case, is of but little practical importance.

*2. Usury: confession of judgment.*

The second question is, whether, after giving authority to confess judgment, the defendant, Welsh, was estopped from setting up the plea of usury. No judgment was rendered, but when plaintiff filed his petition, accompanied by the written confession, and asked judgment, defendant plead specially and particularly *the usury* upon which he now relies. Does the written authority to enter judgment estop him from doing this?

Upon consideration, we are all of the opinion that it

does not. We need not inquire whether, even after judgment by confession, the defendant might not, in equity, be relieved of the usury. Upon this subject, see a full review of many of the English and American authorities, in *Fanning* v. *Dunham*, 5 Johns. Ch., 123, and particularly pages 138, *et seq.*, where the defense is urged *before* judgment, we have found no case holding it inadmissible. And, indeed, on principle, there can be no objection to the right to plead such defense. In effect, the authority to confess is no more than an agreement or contract, and is no more conclusive against the plea, than if the original usurious contract had been renewed from time to time, or if the defendant had given other or substituted securities. To hold it conclusive also, would virtually render nugatory the whole statute against usury, for if the usurer can obtain a note, so he can, at the time of loaning, procure an authority to confess, and thus the statute could and would be continually evaded.

Then, again, the statute, when the usury is plead before judgment, would seem to be imperative as to the duty of the court in the premises. Rev., ch. 72, art. 2, § 5. Plaintiff brings his action to foreclose; this plea is interfered and the confession is only entitled to weight as an instrument of evidence tending to show that the contract was not obnoxious to the objection urged. *Blydenberg* v. *Northrop*, 13 How. Pr., 289; *Lansing* v. *McKillap*, 1 Cow., 35; *Christie* v. *Bishop*, 1 Barb. Ch., 105.

We only need add that there is nothing to show that plaintiff has surrendered any right, or placed himself in any different relation or condition by reason of this agreement. And as this fact does not enter as an element in the case, we need not determine what, if any, effect it would have.

The suggestion that the finding of the referee, and the

confirmation of his report by the court, concludes the **3. PRACTICE: foreclosure; confession of judgment.** defendant, is entitled to no weight. The issue made by the first answer related alone to the validity of the formal authority to confess, and this alone was determined.

. After this, defendant might, if he so elected, attack the validity of the whole or part of the original contract, upon the ground of usury. Not only so, but the court held the answer insufficient, because the defendant was estopped by the writing authorizing the entry of judgment, and upon no other ground. This was the only point ruled, and as in this the court erred, the order is reversed, while that made as to the answer of the wife, is affirmed, plaintiff paying the costs of this appeal.