### GUGGENHEIMER *v.* STEVENS.

*(City Court of New York, Special Term.* October 10, 1889.)

JUDGMENTS—SUPPLEMENTARY PROCEEDINGS—PRIORITY.

Where supplementary proceedings are commenced by two judgment creditors, and, on the application of the junior judgment creditor, a receiver is appointed, whose authority is subsequently extended to the senior judgment, his appointment relates back to the commencement of supplementary proceedings on the senior judgment, and money coming into his hands from the sale of the debtor's lands will be *in custodia legis*, and will, for the purpose of determining the priority of liens thereon, be treated as the land, and first applied to the payment of the senior judgment.

Motion by Randolph Guggenheimer to have certain moneys applied to a judgment recovered by him. It appeared that Guggenheimer had, in May, 1877, recovered a judgment against defendant, Mark S. Stevens, and also in December, 1887, another judgment, of which William H. Moynan is the assignee. In 1884 defendant inherited an interest in land from his mother, and in August, 1886, supplementary proceedings were begun on Guggenheimer's judgment. In February, 1887, supplementary proceedings were commenced on the Moynan judgment, and Frank E. Smith appointed receiver of the judgment debtor, and afterwards of Guggenheimer. The land in which the judgment debtor had an interest, having been incumbered, was sold. A surplus remained after payment of the liens, and the share of the debtor came into the hands of the receiver, where it is held to await an order of court. The motion is resisted on the ground that the application for the appointment of receiver was made first in supplemental proceedings on his judgment, and that, more than 10 years having elapsed since the rendition of the judgment, they have ceased to be liens on the property of the debtor.

*George P. Gough,* for plaintiff. *W. H. Townley,* for W. H. Moynan, Jr., judgment creditor. *F. E. Smith,* receiver, *pro se.*

McADAM, C. J. Surplus moneys arising from the sale of real estate are, for the purpose of determining the priority of the liens thereon, regarded as the land from which the fund emanated. Such liens are transferred from the land to the surplus, and the moneys must be applied to the discharge of such liens according to their priority. *Averill* v. *Loucks,* 6 Barb. 470; *Matthews* v. *Duryee,* 45 Barb. 69, 17 Abb. Pr. 256; *Blydenburgh* v. *Northrop,* 13 How. Pr. 289. So considered, the judgment recovered by the plaintiff, being prior in time, is prior in right, notwithstanding the order appointing the receiver. *Bank* v. *Risley,* 19 N. Y. 369. If both judgments are to be treated as if they had ceased to be liens, more than 10 years having elapsed since their recovery, (*Floyd* v. *Clark,* 2 Law Bull. 36,) the result is the same, as the extension of the receivership to the judgment recovered by the plaintiff made the title of the receiver relate back to the time the plaintiff's supplemental order was served, (Code, § 2469, subd. 1.) The evident object of this provision was to preserve the rights and liens of the different judgment creditors according to their respective priority, in conformity to the rule that different proceedings against the same debtor, or in pursuit of the same property, shall take precedence according to the respective dates of their commencement. The fund in the receiver's hands is not, however, to be deemed the property of the party at whose instance he was appointed, but it is *in custodia legis* for those who shall establish a right to it according to the respective priorities. *Banks* v. *Potter,* 21 How. Pr. 474, and cases cited. The rights and priorities of the respective parties having been preserved intact, it follows that, as the service of the order in supplementary proceedings, as well as the judgment recovered by the plaintiff, were first in point of time, the moneys in the hands of the receiver must be applied to the payment thereof as of right.